**FILED**

June 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **NM** _____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NORMALA NUR ISLAM,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL NO. SA-26-CV-3642-OLG** |
| | § | |
| **TODD BLANCHE** *et al.,* | § | |
| | § | |
| Respondents. | § | |

## O R D E R

Pending before the Court is Petitioner Normala Nur Islam's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

## I.    BACKGROUND

The material facts of this case are not in dispute. Petitioner is a native of Myanmar. *See* Dkt. No. 4-1 at 1. She was admitted to the United States on August 13, 2015. *See* Dkt. No. 1-3 at 1. However, in 2021, she was convicted of conspiracy to transport illegal aliens. *Id.* As a result, removal proceedings were initiated against her and, on March 14, 2023, the immigration judge ordered her removal to Malayasia—the country originally believed to be her country of origin. *See* Dkt. No. 4-1 at 2. But Malaysia refused to accept Petitioner and, as a result, she was released under an Order of Supervision ("OSUP"). *Id.*

For the next two years, Petitioner complied with the conditions of her release. *See* Dkt. No. 1 at 2; *see also* Dkt. No. 4-1. Nevertheless, on September 26, 2025, ICE re-detained her. *See* Dkt. No. 4-1 at 3. She has remained in ICE custody ever since. Following her most recent arrest, ICE renewed its request for travel documents. *Id.* This time, "Malaysia advised that

Petitioner is a citizen of Myanmar." *Id.* On April 28, 2026, ICE requested travel documents from Myanmar. *Id.* It has yet to receive a response. *Id.*

## II.    LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## III.    ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove [her] from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is

2

no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts a *Zadvydas* claim.[1] Respondents argue that Petitioner bears the initial burden of demonstrating that removal is unlikely. *See* Dkt. No. 4 at 2–4. Respondents are mistaken. As the Court has repeatedly held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert that "removal to Myanmar is significantly likely in the reasonably foreseeable future." Dkt. No. 4 at 2. But the record does not support their conclusory assertion. Respondents' efforts to obtain Petitioner's travel documents have long been thwarted, and their most recent request for travel documents from Myanmar has gone unanswered for nearly two months. *See* Dkt. No. 4-1 at 3. Respondents provide virtually no evidence suggesting that their request will be successful this time. In any event, Respondents' "burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Montana*, No. 25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025).

## IV.    CONCLUSION

Because Respondents have failed to demonstrate that Petitioner's removal is likely in the reasonably foreseeable future, the Petition (Dkt. No. 1) is **GRANTED IN PART** in that

---

[1]Petitioner asserts other claims in her Petition. *See* Dkt. No. 1 at 16–18. Because the Court grants relief on *Zadvydas* grounds, it declines to reach those claims.

Respondents shall **RELEASE** Petitioner under conditions of release similar to those contained in her prior OSUP within **48 hours of the entry of this Order**

The Petition (Dkt. No. 1) is **DENIED IN PART** to the extent Petitioner seeks to recover attorney fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on June _____ 16 , 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

4